```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VINCENT MASINO, ROBERT CHEVERIE,
JOHN PETERS, ANTHONY FASULO,
ALBERT ALIMENA and DOMINICK                          MEMORANDUM
AGOSTINO, as Trustees and Fiduciaries of             AND ORDER
the PAVERS AND ROAD BUILDERS
DISTRICT COUNCIL WELFARE, PENSION,                   07 CV 3462 (RML)
ANNUITY AND APPRENTICESHIP, SKILL
IMPROVEMENT AND TRAINING FUNDS,

                            Plaintiffs,

        -against-

A TO E, INC.,

                            Defendant.
-----------------------------------------------------------X
```

LEVY, United States Magistrate Judge:

This case is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c). (See Consent to Exercise Jurisdiction by a U.S. Magistrate Judge, dated Oct. 19, 2007.) Although the parties initially attempted to settle the matter, defendant A to E, Inc. ("defendant" or "A to E") never answered or moved with respect to the complaint, and plaintiffs now seek a default judgment. For the reasons stated below, plaintiffs' motion is granted, and plaintiffs are hereby awarded $1,501.39 in liquidated damages and $4,260.65 in attorney's fees and costs, for a total of $5,762.04.

## BACKGROUND AND FACTS

Plaintiffs Vincent Masino, Robert Cheverie, John Peters, Anthony Fasulo, Albert Alimena, and Dominick Agostino ("plaintiffs"), as trustees and fiduciaries of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (collectively, the "Funds"), brought this action in August 2007

under § 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. Each of the Funds is a multi-employer employee benefit trust fund, organized and operated in accordance with ERISA. (Compaint, dated Aug. 15, 2007 ("Compl."), ¶ 1.) The Funds provide benefits to the members of the Highway, Road and Street Construction Laborers Local Union No. 1010 ("Local 1010") and/or the Sheet Asphalt Workers Local Union No. 1018 ("Local 1018") (collectively, the "Union") – both members of the Pavers and Road Builders District Council – and maintain their principal place of business in Flushing, New York. (Compl. ¶¶ 1, 4.)

Defendant is a corporation registered to do business in New York, with its principal place of business in Seaford, New York. (Compl. ¶ 2.) Defendant is bound to the collective bargaining agreement (the "CBA") between the Union and various employers within the paving industry. (Compl. ¶ 5.) Plaintiffs allege that defendant failed to pay all required contributions on behalf of its employees who performed work covered by the CBA. (Compl. ¶¶ 16, 17.)

Plaintiffs have demonstrated that defendant was properly served with the Summons and Complaint. (Affidavit of Service of Mary M. Bonville, sworn to Aug. 23, 2007; see also Declaration of Charles R. Virginia, Esq., dated May 26, 2009 ("Virginia Decl."), ¶ 9.) In addition, a Clerk's Certificate confirms that defendant has not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired. (Clerk's Certificate, dated May 26, 2009.) Plaintiffs' motion for a default judgment is therefore granted.

It is well settled that, upon default, a defendant is deemed to have admitted all of

the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of N.Y. City v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). "While the default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." LaBarbera v. Golden Vale Constr. Group, No. 06 CV 813, 2007 WL 2071565, at *3 (E.D.N.Y. July 17, 2007) (quoting Levesque v. Kelly Commc'ns, Inc., No. 91 Civ. 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993)) (citation omitted). Plaintiff's allegations are as follows:

Defendant failed to make contributions to the Funds in the amount of $15,013.90 for work performed from February through April 2007. (Compl. ¶ 11.) Defendant has since paid the delinquent contributions and interest. (Virginia Decl. ¶ 12.) Defendant has also remitted partial payment of plaintiffs' attorney's fees and costs in the amount of $1,854.10. (Virginia Decl. ¶ 12.) Plaintiffs now seek liquidated damages of $1,501.39, representing ten percent of the unpaid contributions, and an additional $3,910.65 in attorney's fees and $350 in costs, for a total of $5,762.04. (Virginia Decl. ¶¶ 13, 14, 16.)

## DISCUSSION

"An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due." Trustees of the Bldg. Servs. 32B-J, Pension, Health & Annuity Funds v. Linden Realty Assocs., No. 94 CV 1358, 1995 WL 302454, at *4 (E.D.N.Y. May 8, 1995) (citing Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310 (2d Cir. 1990); Berry v.

Garza, 919 F.2d 87 (8th Cir. 1990); Winterrowd v. David Freedman & Co., 724 F.2d 823 (9th Cir. 1984)). Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes the Funds to recover:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan
>     in an amount not in excess of 20 percent . . . of the
>     amount determined by the court under subparagraph
>     (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by
> the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

Section 1332(g) thus creates a mandatory right to interest, liquidated damages, and attorney's fees "in any case in which a judgment in favor of the plan is awarded." Trs. of the Bldg. Servs. 32B-J, Pension, Health & Annuity Funds, 1995 WL 302454, at *7; see also DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1039-40 (E.D.N.Y. 1993) (citing cases).

As explained, defendant has paid the delinquent contributions and interest. Plaintiffs now request liquidated damages in the amount of $1,501.39, pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii). Under the CBA, an employer who fails to pay contributions when due is liable to the Funds for liquidated damages equaling ten percent of the amount due and owing. (See Letter of Judy Wong, Esq., dated Dec. 10, 2009, Ex. A at 20.) Ten percent of $15,013.90 is $1,501.39. Plaintiffs therefore calculated this amount accurately and are entitled to $1,501.39 in liquidated damages.

Plaintiffs also move for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D). "The determination of a reasonable fee award under Section 1332(g)(2)(D) of

ERISA lies within the sound discretion of the district judge." Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997) (internal quotes and citation omitted); see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). In calculating a "reasonable" fee award, the court must first establish "the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008) (in determining what a reasonable client would be willing to pay, the court should consider factors including, but not limited to, the complexity of the case and the resources required to prosecute the case effectively).

Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter. Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997). The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz, 34 F.3d at 1160 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, plaintiffs' counsel charged $125 to $175 per hour for the work of associates and $80 per hour for the work of paralegals. This court has found these rates reasonable for the type of work performed. See Jacobson v. Peterbilt Elec. Contr., Inc., 553 F. Supp. 2d 211, 216-17 (E.D.N.Y. 2008); see also LaBarbera v. D & R Materials, Inc., No. 06 CV 2100, 2007 WL 1041666, at *4 (E.D.N.Y. Apr. 3, 2007) (finding rate of $340 per hour reasonable in default ERISA case); King v. STL Consulting, LLC., No. 05 CV 2719, 2006 WL 3335115, at *7-8 (E.D.N.Y. Oct. 3, 2006) (awarding fees in a default ERISA case at the rate of $275 per hour). Accordingly, I find that the rates charged by plaintiff's counsel comport with rates generally

charged in the Eastern District.

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are "reasonable." See Trs. of the United Teamster's Fund v. Ronnie's Truck Serv., Inc., No. 07 CV 4456, 2008 WL 2686993, at *4 (E.D.N.Y. July 8, 2009) (citing McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006)). "The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal v. Atlas Transit Mix, No. 93 CV 569, 1996 WL 75290, at *7 (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)). Plaintiffs have submitted contemporaneous time records to support their fee request. (Virginia Decl. ¶ 14, Ex. A.) Plaintiffs' counsel expended a total of 39.45 hours on this case and is seeking $5,764.75 in attorney's fees, minus the $1,854.10 defendant has already paid. (Pl.'s Am. Mem. at 14.) Having reviewed counsel's time records, I find the number of hours expended on this action reasonable. Plaintiffs are therefore entitled to $3,910.65 in attorney's fees.

Finally, plaintiffs seek to recover the filing fee of $350. (See Virginia Decl. ¶ 14.) This is a recoverable cost under § 502(g)(2)(D).

## CONCLUSION

The Clerk of the Court is hereby directed to enter judgment for plaintiffs in the amount of $5,762.04

SO ORDERED.

                                                              /s/  
                                          ROBERT M. LEVY  
                                          United States Magistrate Judge

Dated: Brooklyn, New York  
       December 21, 2009